**ABRA CONSTRUCTION CORP.,**
Plaintiff–Appellant–Cross–
Appellee,

v.

**The MERCHANTS BANK OF NEW
YORK, Defendant–Appellee–
Cross–Appellant,**

Linda Greco, Lewis Horowitz, Louis Greco, 112 Duane Associates, LLC., 295 Development Corp., Second Development Services, Inc., 72 Reade Associates, Fernandez Construction Corp., E & L's Place, LLC., Joseph Criscione, Robert Capolino, Vernon Horowitz Associates, LLC. and Lucky "L" Corp., Defendant–Appellees.

Nos. 06–0577–cv(L), 06–0849–cv(xap).

United States Court of Appeals,
Second Circuit.

Dec. 21, 2007.

Robert J. Miletsky, Esq., New York, New York, for Appellant–Cross–Appellee.

Peter Janovsky, Esq., (Kenneth C. Rudd, on the brief), Zeichner Ellman & Krause LLP, New York, New York, for Appellee–Cross–Appellant.

John Harris, Epstein Becker & Green, P.C., New York, New York, for Joseph Criscione.

David J. Molton, Esq. (Diane M. Nardi, Esq., on the brief), Brown Rudnick Berlack Israels LLP, New York, New York, for Louis Greco in his capacity as named executor and Legal Representative of Lewis Horowitz, Fernandez Construction Corp., E & L's Place, LLC., Robert Capolino, Vernon Horowitz Associates, LLC and Lucky "L" Corp.

Stephen L. Cohen (Mark D. Marderosian, on the brief), Law Offices of Stephen L. Cohen, Chatham, New York, for Linda Greco, Louis Greco, 112 Duane Associates, LLC. 295 Development Corp., Second Development Services, Inc. and 72 Reade Associates.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Abra Construction Corp. ("Abra") appeals from a judgment entered by the United States District Court for the Southern District of New York (Jones, *J.*) on January 5, 2006, dismissing a complaint alleging violations of civil RICO for failure to state a claim. The Merchants Bank of New York ("Merchants") cross-appeals from a judgment entered by the District Court on October 13, 2005, denying objections to Magistrate Judge Ellis's order denying a motion for sanctions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

### Appeal

"We review the district court's grant of the defendants' motion to dismiss *de novo*, a standard pursuant to which we accept all of the plaintiffs' factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Mason v. Am. Tobacco Co.*, 346 F.3d 36, 39 (2d Cir.2003).

■ Abra contracted with 112 Duane to perform construction work in exchange for $1,750,000. Shortly after Abra began work, 112 Duane terminated the contract and transferred it to Fernandez Construction Corp. Abra sued the appellees under 18 U.S.C. § 1964(c), which empowers a "person injured in his business or property by reason of a violation of [18 U.S.C. 1962]" to sue for "threefold the damages he sustains" plus costs and attorney's fees. 18 U.S.C. § 1964(c). Abra's complaint alleged that the construction lender—Mountain Funding—issued checks payable to the joint order of Abra and 112 Duane, and that Horowitz, in collaboration with 112 Duane, did not use the checks to pay Abra for work performed on the construction, but instead forged Abra's indorsement and deposited the checks into 112 Duane's bank account.

A plaintiff may sue under 18 U.S.C. § 1964(c) only if the plaintiff was injured and the alleged RICO violation was the proximate cause of that injury. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *accord Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 126 S.Ct. 1991, 1994, 164 L.Ed.2d 720 (2006). Abra's civil RICO complaint—and appeal—are based on the faulty premise that " 'but for' Appellees'

theft and fraudulent negotiation of those checks ... Abra would have received some benefit from ... the checks." Repl. Br. at 4. This (flawed) analysis is essential to Abra's claim that the forged indorsements "injured" Abra as required by 18 U.S.C. § 1964(c).

But, the mere fact that Abra's name was on the checks in no way means that, absent Horowitz's allegedly "fraudulent negotiation," Abra necessarily would have received some benefit from the two checks. Assuming *arguendo* (as Abra contends) that the checks were payable to the order of both Abra and 112 Duane, the checks could be enforced only by 112 Duane and Abra acting together. *See* N.Y.U.C.C. § 3–116. 112 Duane could have unilaterally deprived Abra any benefit of the checks simply by refusing to indorse them, a course of action it might elect if it believed Abra's work did not conform to the contract. Of course, if Abra believed that such action violated the contract between it and 112 Duane, Abra could bring a contract action in state court (precisely as it has done in this case).

Because Abra was not injured by Horowitz's alleged fraudulent indorsement of the checks, Abra has no standing to bring suit under 18 U.S.C. § 1964(c).

### Cross–Appeal

■ Merchants argues that Abra should be sanctioned for frivolously alleging that Merchants violated 18 U.S.C. § 1512 (by obstructing justice) because (1) § 1512 applies only to federal proceedings, while Abra's allegations referred to obstruction in state court proceedings, and (2) the obstruction charges were designed only to harass Merchants and multiply proceedings. Abra alleged that Merchants obstructed justice by failing, in the course of a state court proceeding, to produce good copies of the checks now at issue in this civil RICO litigation and by falsely certifying that no better copies existed. We

review the district court's decision to deny sanctions for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

It is true that obstruction of justice under 18 U.S.C. § 1512 must relate to federal proceedings. 18 U.S.C. § 1515(a)(1); *cf. O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704 (2d Cir.1990). But the district court found no reason to reject Abra's contention that its use of the term "official proceeding" in the complaint was meant to encompass, *inter alia,* the civil RICO proceeding. "[A]n official proceeding need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(f). Merchants points to nothing in the record suggesting that the district court erred in its determination.

Likewise, nothing in the record precludes the district court's determination that Abra's obstruction of justice claims were made neither in bad faith, nor for an improper purpose, nor to multiply proceedings vexatiously.

We have considered the appellants' and cross-appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.